Hitchcock, C. J.
The first error assigned in this case is, that there was no service of process upon the defendant below, the present plaintiff in error. Had this been a judgment by default, this error might have been well assigned, but the record shows an appearance of the parties by their attorneys, that a plea was filed, an issue made up, and the case, by agreement, submitted to the court. Upon the record, then, it is apparent that the plaintiff in error had a day in court, and having submitted to the jurisdiction, it is too late for him now to complain that he was not served with process. It is proper to say, in addition, that a summons was issued in the case, and service accepted by the same attorneys, who afterwards appeared in court and made defense.
The second and third errors relied upon are, that these attorneys were not authorized to accept service of process, nor to appear and defend in the action. This is not an error apparent upon the record, but is outside the record. If it be an error at all, if is an error of fact and not of law, and such assignment cannot be joined with errors in law. But if the plaintiff in error has sustained an injury by the improper interference of these attorneys, his appropriate remedy is not by writ of error to remove the cause to a superior court. Errors in fact are corrected by the court where committed. This is not, however, one of those errors in fact which could be corrected by the court in which it was committed by writ of error coram nobis. That court had the power, and upon proper showing would have set aside or vacated the judgment, on motion, and let the defendant in to defend. (3 Ohio Rep. 521.) But as the attorney for the plaintiff in error has gone out of the record to make this assignment, it is perhaps proper for the court to go so far out of the record as to say, that there is evidence among the papers in the case which *289 fully satisfies us that the attorneys who appeared to the action in the court below, were fully authorized so to do.
The fourth error assigned is, that the plaintiffs have declared and obtained judgment by the name of Latimore, Jenkins & Co., without setting out the names of the persons constituting the company.
This is an objection which, if raised at all, should have been done by plea in abatement. But it is no valid objection. This mode of declaring-is expressly authorized by the act of February 27, 1846 — (44 Ohio L. 66.)
The plaintiff says, there are other errors in the record, but we have not been able to discover them.

The judgment of the Court of Common Pleas is affirmed with costs.